IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PASTORI M. BALELE,

                                                                                                                        ORDER

                         Plaintiff,

                                                                                                                        13-cv-171-bbc

     v.

PDQ FOOD STORES, INC.,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Pastori Balele originally brought this civil action alleging race, sex and age discrimination against defendant PDQ Food Stores in the circuit court for Dane County, Wisconsin. On March 8, 2013, defendant removed the case to this court, that the complaint raised a federal question. The removal raises a fairly uncommon issue: plaintiff is greatly limited in what documents he may file in this court. The Court of Appeals for the Seventh Circuit has entered an order stating that district courts within this circuit are not to accept any further filings from plaintiff until certain conditions are met, including payment of more than $5000 in costs awarded in five specified cases, and a sworn affidavit from plaintiff certifying that the matters raised in the proposed matter are not frivolous. Balele v. Barnett, Case No. 96-1133 (7th Cir. Apr. 29, 1997). Because the case was removed by defendant rather than submitted directly by plaintiff, the court did not immediately dismiss the case. Rather, plaintiff was warned that he would not be able to file any motions, but instead would

1

be limited to responding to motions filed by defendant. Dkt. #21; see also Preliminary Pretrial Conference Order, Balele v. Sears, Case No. 12-cv-140-slc (W.D. Wis. May 23, 2012); In re Skupniewitz, 73 F.3d 702, 705 (7th Cir. 1996) (prohibiting sanctioned plaintiff from filing complaints or motions).

Now plaintiff has filed a motion to dismiss the case, a motion for my recusal and a notice of appeal. Defendant has filed a motion to stay discovery, a motion to limit discovery and a letter seeking clarification of the preliminary pretrial conference order. After considering the parties' submissions, I will deny each motion except defendant's motion to limit future discovery.

First, plaintiff has filed a motion to dismiss the case without prejudice in this court and remand it to state court. To the extent that plaintiff's motion to dismiss and remand can be construed as a response to defendant's notice of removal, I conclude that it was properly docketed notwithstanding the filing ban plaintiff faces. However, there is nothing in plaintiff's motion that gives me reason to dismiss or remand the case. It is defendant's right to remove the case to this court, even where plaintiff faces a filing ban. Skupniewitz, 73 F.3d at 705. Accordingly, plaintiff's motion will be denied.

Plaintiff has filed also a motion for my recusal. Although my research indicates no prior case addressing this issue, plaintiff's recusal motion almost certainly violates the filing ban placed on him by the Seventh Circuit. However, even if the motion is proper, it will be denied on the merits.

28 U.S.C. §§ 144 and 455 apply to motions for recusal and disqualification of judges.

Section 144 requires a federal judge to recuse herself for "personal bias or prejudice." Section 455(a) requires a federal judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," and section 455(b)(1) provides that a judge shall disqualify herself if she "has a personal bias or prejudice concerning a party." Because the phrase "personal bias or prejudice" found in § 144 mirrors the language of § 455(b), they may be considered together. Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000). Recusal is required when a "'reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits'" Id. (quoting In re Mason, 916 F.2d, 384, 385 (7th Cir. 1990)). Plaintiff's asserts that I am racist and biased against plaintiff because he received part of his education in Tanzania. In support, plaintiff submits an affidavit stating that in past cases in this court, I have "expressed disbelief [that plaintiff,] a black male . . . could rank highest or No. 1 on state written exam, thus beating Whites," that I discounted his administrative experience working in Tanzania and have ruled against him when whites have been hired over him.

I will deny plaintiff's motion because no reasonable person would perceive a significant risk that I will resolve the case on a basis other than the merits. Plaintiff essentially infers that any negative ruling against him is based on my bias rather than the merits of his case. At best, he misinterprets what I have stated in his previous hearings. At worst, his recollected gloss of my statements implies that I routinely make racist statements in open court. If that were true, other litigants would have raised the issue long ago. No one has. What plaintiff's history in the court shows is that he has filed several lawsuits for

3

employment discrimination that have been dismissed, and these rulings have been affirmed by the court of appeals. E.g., Balele v. Klauser, Nos. 94-1117, 94-2777, 95-1137 and 95-2948 (7th Cir. Jan. 11, 1996) (upholding decision that plaintiff's qualifications resulting from his job experience in Africa were not "comparable to running a county the size and complexity and diversity of Milwaukee County"). In any case, the fact that I have ruled against plaintiff in previous cases is not a reason for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a bias or partiality motion); United States v. Slaughter, 900 F.2d 1119, 1126 n.5 (7th Cir. 1990) (bias and prejudice must be personal, not based on particular judicial proceeding).

Plaintiff's final filing is a notice of interlocutory appeal, which was initially docketed. However, the court of appeals has indicated that the appeal should be considered unfiled under the terms of the sanction order. Dkt. #29. Accordingly, this court will take no action on the attempted appeal.

Defendant has filed a motion to stay discovery pending a ruling on plaintiff's motion to dismiss and limit future discovery, as well as a motion for clarification of the preliminary pretrial conference order. The motion to stay discovery is denied as moot because I have denied plaintiff's motion to dismiss.

In its motion to limit discovery, defendant states that it believes it is appropriate to limit the number of interrogatories to 25 and the number of requests for admission to 25. In an affidavit, defendant explains that plaintiff has already brought more than 60 requests for admission and more than 240 interrogatories. Given plaintiff's history of vexatious litigation, I will grant defendant's motion. The requests for admissions and interrogatories

4

that plaintiff has served will be considered withdrawn. Plaintiff may serve no more than 25 requests for admissions and no more than 25 interrogatories. This will require him to pare down his discovery requests, carefully selecting which of his requests he wishes to count towards this total.

Finally, defendant has filed a letter seeking clarification of the preliminary pretrial conference order. This order should clear up all the issues raised in that letter. If it does not, defendant is free to reiterate its concerns.

## ORDER

IT IS ORDERED that

1. Plaintiff Pastori Balele's motion to dismiss and remand this case, dkt. #16, is DENIED.

2. Plaintiff's motion for my recusal, dkt. #18, is DENIED.

3. The court will take no action on plaintiff's notice of interlocutory appeal, dkt. #23.

3. Defendant PDQ Food Stores' motion to stay discovery, dkt. #13, is DENIED as moot.

4. Defendant's motion to limit discovery, dkt. #13, is GRANTED. All of the interrogatories and requests for admission that plaintiff has served on defendant are deemed withdrawn. Plaintiff may serve no more than 25 interrogatories and no more than 25

requests for admission on defendant.

Entered this 15th day of July, 2013.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge